J-S17004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ROBERT BALL | : | |
| | : | |
| Appellant | : | No. 234 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2018
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001949-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ROBERT BALL | : | |
| | : | |
| Appellant | : | No. 235 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2018
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001254-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ROBERT BALL | : | |
| | : | |
| Appellant | : | No. 236 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2018
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001253-2017


BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 08, 2020**

Charles Robert Ball appeals from the judgments of sentence entered on November 1, 2018, which followed the revocation of three probation sentences in the Centre County Court of Common Pleas. After Ball admitted to a probation violation, the trial court sentenced him to an aggregate period of nine to thirty-six months of incarceration. On appeal, Ball challenges the discretionary aspects of his sentences. We affirm.

As indicated by the trial court, after pleading guilty to various drug-related offenses at three separate docket numbers, the court sentenced Ball to a term of incarceration followed by two years of probation. Ball admitted to violating the terms of his probation by using methamphetamines. The trial court revoked his probation based upon these admissions.

Ball filed a post-sentence motion for reconsideration, challenging the length of his sentences. The trial court granted reconsideration of the sentences on November 29, 2018. After a hearing, the trial court found no issues with the duration of the sentences and refused to reduce them. Ball filed a timely notice of appeal, and both Ball and the trial court have complied with the dictates of Pa.R.A.P. 1925. Accordingly, Ball's appeal is properly before us.

Ball presents one issue for our review:

1) Did the lower court abuse its discretion by sentencing Mr. Ball to a total of 9 months to 36 months at a State Correctional Institution with the only alleged violation being an admission to consumption of methamphetamine and when such a sentence

- 2 -

would interfere with the treatment recommendation that had already been made by the State Parole Board?

Appellant's Brief, at 7.

The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007). Our review of a revocation proceeding is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-35 (Pa. Super. 2013) (*en banc*).

Ball challenges the discretionary aspects of the three consecutive sentences that he received. Challenges to the discretionary aspects of sentencing do not guarantee a petitioner's right to our review. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted).

In this case, Ball properly preserved the issue by filing a post-sentence motion and filed a timely notice of appeal. Additionally, Ball's brief includes a statement of reasons relied upon for allowance of appeal, as is required by Pa.R.A.P. 2119(f). **See** Appellant's Brief, at 15-19. We must therefore look to whether Ball has presented a claim that would constitute a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id**. (internal citations omitted).

Ball raises two separate challenges to the discretionary aspects of his sentence. However, the second challenge consists of two distinct challenges. We therefore proceed to analyze whether these challenges present substantial questions.

First, he claims that the court abused its discretion by imposing sentences of incarceration for a mere technical violation. This challenge raises a substantial question. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Next, he argues the court abused its discretion by imposing an excessive sentence that did not consider his rehabilitative needs. This challenge, too,

raises a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015).

Intertwined with his excessiveness argument is an allegation that the trial court's sentence should be vacated for a failure to state the reasons for the sentences on the record. Even by itself, this ancillary claim raises a substantial question. ***See Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*).

As all three of Ball's challenges present substantial questions, we turn to the merits of each challenge.

In Ball's first challenge, he claims the trial court abused its discretion by imposing sentences of total confinement for a mere technical violation. The Sentencing Code grants the trial court the authority to "revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). When revocation occurs, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." ***Id***. Nonetheless, the court may not impose a sentence of confinement unless it finds that (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. ***See id***. § 9771(c).

Here, Ball's probation sentences were all imposed for convictions involving the possession of narcotics. The trial court was presented with evidence that within nine days of his release from incarceration, Ball once

again possessed and used a narcotic. Further, the court received evidence that Ball resisted rehabilitation efforts and failed to appear for evaluations.

Under these circumstances, we cannot conclude the trial court abused its discretion. While Ball argues that he was not charged with or convicted of any crime for his most recent possession and use of narcotics, Ball misconstrues the required antecedent under subsection (c)(2).

He received sentences of probation for his original crimes. These are the previous crimes implicated in subsection (c)(2). Section 9721(c)(2) does not require that the defendant be charged with or convicted of a new crime after the crime for which he is serving a probationary sentence. Indeed, such a construction would make subsection (c)(2) superfluous to subsection (c)(1). Rather, (c)(2) merely requires the court to determine that the probationer's conduct leads to a conclusion that he is likely to commit more crimes.

The fact that Ball quickly committed another drug possession offense, even though he was not criminally charged for it, can reasonably be construed to support a finding that Ball is likely to continue seeking out and using narcotics while on probation. Combined with the facts that he has been resistant to rehabilitation efforts and failed to appear for evaluations, we have no difficulty in concluding that Ball's first challenge to the discretionary aspects of his sentence merits no relief.

In his second challenge, Ball argues the court imposed an excessive sentence that failed to take into consideration his rehabilitative needs. Specifically, he contends that the court's imposition of an aggregate sentence

of nine to thirty-six months' incarceration exceeded the state probation and parole board's recommendation and interfered with his attempts to enroll in the recommended drug rehabilitation program.

Ball does not assert that his sentences fell outside the guideline recommendations. Instead, his argument centers on his allegation that the sentences of incarceration interfered with his ability to enroll in a drug rehabilitation program.

Once again, based upon the circumstances set forth above, it is clear the trial court considered Ball's rehabilitative needs. The hearing on Ball's post-sentence motion focused almost exclusively on Ball's drug addiction and the proposed methods for dealing with the addiction. However, the circumstances presented also included Balls' resistance to previous addiction treatments and failure to appear for evaluations. The court concluded that Ball's struggles indicated that he was unlikely, at this time, to benefit from another opportunity at addiction treatment while under supervision. We cannot find that this conclusion constitutes an abuse of the court's discretion, and Ball's second challenge merits no relief.

In his final challenge, Ball contends his sentence should be vacated due to the court's failure to state the reasons for the sentence on the record.

We agree with Ball that at the revocation hearing and after listening to both sides present their arguments, the trial court did not explicitly discuss Ball's rehabilitative needs or state that confinement was necessary to protect the public. However, as noted previously, the court held a hearing on Ball's

post-sentence motion. While the court did not go into much more detail in its disposition of Ball's motion, the very fact that the court held the hearing and received further evidence in support of Ball's needs provides sufficient context to its short discussion. Clearly, the court was concerned with Ball's recidivist history, admitted narcotic addiction, and past failures to successfully treat his addiction. The court did acknowledge Ball's rehabilitative needs, albeit briefly. *See* N.T., Post-Sentence Motion Hearing, 1/11/19, at 7 ("He can finish up whatever he has [on these newly imposed sentences] and then go to treatment. I think that would work well."). Accordingly, we conclude Ball's third and final challenge merits no relief.

As a result, we affirm Ball's judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2020